FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 AUG -2 AM 10: 02

CLERK
SO. DIST OF GA.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | |
|---|---|
| LAFAYETTE WRIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV406-185 |
| BARBARA J. HINES-RUSSELL and MICHAEL H. GRAHAM, | ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Chatham County Detention Center, has submitted a complaint under 42 U.S.C. § 1983 and an application to proceed without prepayment of fees. Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the three strikes provision in § 1915(g) must pay the

complete filing fee when he initiates a suit. <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision is to dismiss the complaint without prejudice. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff is a previous litigant before this Court, having filed seven civil cases challenging prison conditions since 2000. Three of these complaints have been dismissed under 28 U.S.C. §1915A, which directs courts to conduct an early screening of prisoner suits to determine if they may be dismissed for frivolity, maliciousness, failure to state a claim upon which relief may be granted, or seeking relief from an immune defendant. See <u>Wright v. Blake, et. al.</u>, CV400-84, doc. 9 (S.D. Ga. June 23, 2000) (dismissing case as malicious under § 1915A); <u>Wright v. Blake, et. al.</u>, CV400-226, doc. 3 (S.D. Ga. Sept. 13, 2000) (dismissing case as frivolous and for failure to state a claim); <u>Wright v. Ringle, et. al.</u>, CV401-164, docs. 9, 12 (S.D. Ga. Aug. 1, 2001) (dismissal for failure to state a claim). These three cases count as "strikes" under § 1915(g). Thus, without a showing of imminent danger of serious physical injury, plaintiff's *in forma pauperis* petition should be denied and his complaint dismissed without prejudice.

In order to come within the imminent danger exception, a prisoner must be in imminent danger when he files his complaint. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff's complaint involves matters related the foreclosure of his "primary residence."[1] Doc. 1 at 7-8. Because plaintiff has not alleged that he is in imminent danger of serious physical injury, he is not entitled to proceed *in forma pauperis* and is required to pay the complete filing fee pursuant to § 1915(g).

For the reasons stated above, plaintiff's motion to proceed without prepayment of fees should be **DENIED** and his complaint should be **DISMISSED** without prejudice. If plaintiff wishes to proceed with the claims he raises in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

**SO REPORTED AND RECOMMENDED** this 2nd day of August, 2006.

```
                                   _____
                                   UNITED STATES MAGISTRATE JUDGE
                                   SOUTHERN DISTRICT OF GEORGIA
```

---

[1] It appears that plaintiff's property was foreclosed by a mortgagee, defendant Hines-Russell. Plaintiff attempts to bring this § 1983 claim against Hines-Russell, an individual who allegedly used private investment funds to obtain the mortgage, and the closing attorney Graham, who prepared the mortgage instrument. Plaintiff alleges that the lender was unlicensed, his loan required no application or credit check, the attorney had a conflict of interest, the interest rate on the loan exceeded statutory limits, the mortgagee would not accept late payments, and the lender's scheme constituted "loan sharking," making the loan and foreclosure illegal.